# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE BRITTON, | ) | CASE NO. 1:19-cv-0668 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the amended joint stipulation of the parties for an award to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), of $6,000.00 in attorney's fees. (Doc. No. 21.) For the reasons set forth herein, the stipulation is approved.

## I. BACKGROUND

On March 26, 2019, plaintiff filed this action seeking judicial review of defendant's denial of her application for a period of disability and Disability Insurance Benefits ("DIB"). (Doc. No. 1.) On January 22, 2020, this Court vacated the administrative decision and remanded to the Commissioner for further proceedings. (Doc. No. 18.) The parties filed their amended joint stipulation for an award of attorney's fees pursuant to the EAJA on February 7, 2020. (Doc. No. 21.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*,

376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by the parties shows 35.75 hours of legal services performed between March 4, 2019 and January 22, 2020, including the typical legal services of reviewing the administrative transcript, conducting legal research, telephone calls, briefing, reviewing court orders, and the like. The Court finds both the amount and the nature of these legal services to be reasonable.

Plaintiff's counsel has not indicated a billing rate, but simple calculations show that it would be approximately $167.83/hour ($6,000 ÷ 35.75 hours). That rate would be an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n. 4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living

… justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The Court finds that the $6,000.00 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). As the parties recognize in their stipulation, this award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to direct payment of the award (or the balance thereof) to plaintiff's attorney.

### III. CONCLUSION

For the reasons set forth herein, the Court approves the parties' joint stipulation (Doc. No. 21) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $6,000.00 in attorney's fees, and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: February 24, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**